ELLIS, Judge:
This suit started out as a possessory action, coupled with a demand for damages, brought by Mrs. Laura Beatrice Waddell Harvey against Melba L. Harvey, Sr. and Worth Austin. Plaintiff alleges herself to be in possession as owner of the following described parcel of land:
All of that certain piece or parcel of ground with all rights, ways, privileges and appurtenances thereto or anywise appertaining and more particularly described as lot 6 of the partition of the Estate of Fluker and bounded on the North by other lands of petitioner (formerly other portions of the Fluker Estate) bounded Easterly and Southernly by Chamber’s Bluff (formerly Thompson’s Creek) and by Thompson’s Creek and bounded West by Hammer’s Creek said parcel being roughly triangular in shape and bounded along the western of Hammer Creek side by lands formerly of Bockel, lands formerly of F. Harvey, lands formerly of Robert Harvey said tract being located approximately in Sections 73 and 74, Township 3 South, Range 1 West, St. Helena Meridian, Greensburg Land District and being located in the Parish of West Feliciana State of Louisiana as shown by map recorded September 22, 1879 at Book S Page 170 in the conveyance records of the Clerk of Court of the Parish by plaintiff’s ancestors in posses *114 sion who possessed as owners, a copy of pertinent portion of which is attached herewith and incorporated by reference.
She further alleges that defendant Austin, acting under authority of a lease from defendant Harvey, disturbed her possession on May 20, 1974, by permitting cattle to roam thereon, causing damage to plaintiffs pasture.
In their answer defendants allege that the property owned by plaintiff is described as follows:
A certain piece or parcel of land, with all the buildings and improvements thereon, and all the rights, ways, privileges, servi-tudes and advantages appurtenant thereto or in anywise appertaining, situated in the Second Ward of the Parish of West Feliciana, Louisiana, containing 240 acres, more or less, and being bounded (now or formerly) on the North by the Estate of John F. Ard, Jr., on the East by Thompson Creek (now Chamber’s Bluff), on the South by Thompson Creek, and on the West by Hammer Creek; being a portion of Lot No. Six (6) of the Partition of D. F. Fluker, as appears by reference to map recorded in Book S-2 folio 170, of the conveyance records of West Feliciana Parish, Louisiana; being the same property acquired as per deeds recorded in Book 45, folio 573, Book 46, folio 1, and Book 46, folio 102, of the conveyance records of West Feliciana Parish, Louisiana.
As plaintiffs in reconvention, they allege that defendant Harvey is the owner of the following described property:
A certain tract or parcel of land, together with all buildings and improvements thereon and all rights, ways, privileges, servitudes and prescriptions appurtenant thereto or in anywise appertaining, lying, being and situated in Sections 37 and 38, T3S, R2W, and in Sections 74 and 75, T3S, R1W, Parish of West Feliciana, State of Louisiana, containing 106 acres, more or less, and being more particularly described as beginning at a point where the southerly line of the property herein described intersects the Star Hill-Lower Jackson Road, thence N. 49° 01' W. for 844 feet to corner, thence N. 35° E. for 1,509 feet and corner, thence S. 57° 25' E. for 1,006 feet, thence N. 45° E. for 102 feet, thence S. 56° E. for 1,491 feet to the center line of Hammer Creek, thence S. 56° E. for 2,710 feet to the centerline of Thompson Creek, thence in a southerly direction along the meander of Thompson Creek to the southerly line of the herein described property, thence N. 49° 01' W. for 2,300 feet to the center line of Hammer Creek, and thence N. 49° 01' W. for 690 feet to the point of beginning; the said tract being bounded on the North by Mrs. E. A. Harvey and heirs, on the East by Thompson Creek, on the South by Ewell Bickham, Ernest Harvey, Sr., and Isnell Harvey, and on the West by the heirs of Nehemiah Harvey.
Article 8 of the answer and reconventional demand alleges:
“The defendant, Melba L. Harvey, further declares that he is the legal owner of the property above described in paragraph 7, and that he has leased the property to defendant, Worth Austin, and both defendants now declare that the property described in Paragraph 7 above, owned by the defendant, Melba L. Harvey, and leased by defendant, Worth Austin, is not the same property described in Paragraph 1 above of the plaintiffs petition.”
In their prayer, defendants pray that defendant Harvey be recognized as owner of the property claimed by him above described.
At the first hearing held, plaintiff placed J. C. Kerstens, a registered surveyor, on the stand as an expert witness. Mr. Kerstens testified thát he had made the survey by which defendant Harvey’s property is described. When shown his survey, and the description of the property of which plaintiff alleges herself to be in possession, he testified that the two parcels overlapped in full in the area between Hammer Creek and Thompson’s Creek. No evidence was adduced to contradict his testimony. Thereupon, the district judge ruled that, since defendant Harvey had alleged himself *115 to be the owner of the property in dispute, he had converted the possessory action to a petitory action, and had judicially confessed the possession of the plaintiff.
After a peremptory exception of no cause of action was filed by plaintiff to the recon-ventional demand, defendants filed an amended pleading, alleging the chain of title under which defendant Harvey was claiming title to the disputed tract. In the pleading, defendants asked that the court appoint a surveyor to determine the exact boundaries between the properties. The peremptory exception of no cause of action was overruled.
Plaintiff then filed an exception of improper cumulation of actions, alleging the inconsistency of the petitory action and the boundary action. Prior to trial the court ruled that the cumulation of the petitory action and the boundary action would be improper, and sustained the exception.
Plaintiff filed an answer to the supplemental reconventional demand, denying Harvey’s title to the disputed tract, and alleging title in herself by various deeds and judgments, and by the acquisitive prescription of 10 and 30 years.
After trial on the merits, the trial judge found that plaintiff had proved a valid prescriptive title by showing possession of the property by herself and her ancestors in title for a period in excess of 30 years. Judgment was signed recognizing and maintaining plaintiff’s possession of the property described in her petition and rejecting the claim of Melba L. Harvey, Sr. to the ownership of the disputed property lying between Hammer Creek and Thompson’s Creek, ordering that his deed thereto be reformed to eliminate the disputed tract therefrom. An award of $500.00 which had been stipulated to by the parties, was made to plaintiff for damages suffered as the result of the trespass by defendants’ cattle. From that judgment, defendants have appealed.
The first specification of error is that the trial judge should not have ruled that the possessory action was converted to a petito-ry action by defendants. Suffice it to say that the expert testimony of the surveyor, which remains unrefuted in the record, is to the effect that the property claimed by defendant Harvey, lying between Hammer Creek and Thompson’s Creek, is encompassed within the limits of the property claimed by plaintiff. Defendants did not attempt to prove their allegation that the two parcels did not overlap. Article 3657 of the Code of Civil Procedure provides:
“The plaintiff may not cumulate the peti-tory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the posses-sory action is abated.
“When, except as provided in Article 3661(1) — (3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
“If, before executory judgment in a pos-sessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.”
The trial judge properly concluded that, as to the property in dispute, defendants had converted the possessory action to a petitory action, by claiming ownership thereof, and had judicially confessed plaintiff’s possession thereof.
Defendants further complain that the trial judge erred in maintaining the exception of improper cumulation of actions and in not appointing a surveyor to fix the boundaries between the properties of the parties. We think the ruling was correct. It is possible that an action in boundary would have been appropriate if originally instituted by either side. However, plaintiff chose to file a possessory action, and defendants converted it to a petitory action *116 by alleging ownership of a specific piece or property, accurately described by a survey. No question of boundary is presented by the petitory action, and it would therefore be inconsistent to cumulate therewith an action in boundary. See Ebarbo v. Stacey, 16 La.App. 248, 133 So. 793 (2nd Cir. 1931).
Defendants therefore find themselves in the position of plaintiffs in a petitory action in which the defendant is in possession. Their burden of proof is set forth in Article 3653 of the Code of Civil Procedure:
“To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
“(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
“(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.”
In Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974), it was held that Article 3653, supra, requires that the party with the burden of proof must “show title good against the world, without regard to the title of the party in possession.”
The various properties involved herein lie in West Feliciana Parish, on or near Thompson’s Creek, which flows in a southwesterly direction and forms the line between East Feliciana and West Feliciana Parishes. More specifically the properties lie in the James D. Atkins Headright, which is composed of Section 38, Township 3 South, Range 2 West, and Section 75, Township 3 South, Range 1 West; and the Heirs of A. Atkins Headright, which adjoins the James D. Atkins Headright on the North, and is composed of Section 37, Township 3 South, Range 2 West, and Section 75, Township 3 South, Range 1 west. The north and south lines of these Head-rights run northwest and southeast, at approximately right angles to Thompson Creek, which forms their easterly boundary. Hammer Creek, a small spring-fed stream, flowing in a southerly direction, flows into Thompson’s Creek in the James D. Atkins Headright. The property in dispute lies in the fork between the East bank of Hammer Creek and the West bank of Thompson Creek.
The property of which Mrs. Harvey is in possession is described as Lot 6 of a subdivision of the Fluker Estate, consisting of 240 acres of the land lying in the fork of the said streams. The description under which Mr. Harvey claims ownership includes 95 acres of land lying East of Hammer Creek and West of Thompson’s Creek, within the boundaries of the land possessed by Mrs. Harvey.
Mr. Harvey’s immediate ancestor in title, Mrs. Annie Belle Harvey Brown, acquired the property in two parcels. The first of these, the Robert D. Harvey tract, containing 92 acres, is described as being bounded on the East by Thompson’s Creek, and lies within the two Atkins Headrights. The second tract, which constitutes the southern 31 acres of the Fletcher F. Harvey tract, is also described as being bounded on the East by Thompson’s Creek, and is bounded on the south by the Robert D. Harvey tract.
Both the Robert D. Harvey and Flecther F. Harvey tracts form part of the larger tract which was acquired by A. A. Harvey from Mrs. Jane Bethany in 1882, which is described as follows:
“Three hundred acres of land, more or less, with any and all improvements thereon, bounded on the East by Conrad Bockel, formerly Mrs. James L. Fletcher, the Fluker place and Thompson’s Creek, South by the heirs of Wiley Daniels, West by the Johnson place, now owned by Dr. John W. Jones and North by lands of said John W. Jones and by the tract of land generally known as the Isaac Freeland tract.”
In 1888, A. A. Harvey transferred to Robert D. Harvey and Fletcher F. Harvey, respectively, the two parcels of land on which Melba F. Harvey’s title is based. A survey of the entire tract, showing these two parcels, among others, was made by W. B. Smith on April 10, 1888, which survey is of record, and forms part of Melba F. Harvey’s chain of title. Both the survey, and *117 the description by which Fletcher F. Harvey acquired, show that Hammer Creek forms the easterly boundary of that tract.
Although the Robert D. Harvey tract is described in his deed of acquisition as fronting on Thompson’s Creek the Smith survey shows that approximately the northerly one-third thereof is bounded on the East by Hammer Creek. The Smith survey also shows all of the property in the fork of Hammer Creek and Thompson’s Creek as “claimed by the Heirs of Fluker.” . The survey also shows that both Thompson’s Creek and Hammer Creek, in that vicinity, lie East of the range line between Ranges 1 and 2 West.
Both the Kerstens survey and various aerial photographs introduced into the record show that the Robert D. Harvey tract now fronts entirely on Hammer Creek, and that Thompson’s Creek, where is crosses the South line of the said tract, now lies 2300 feet to the East of Hammer Creek. The two streams now join well to the South of the disputed tract. The Kerstens survey also shows that Hammer Creek has encroached on the Robert D. Harvey tract, and flows, in the southeast corner thereof, to the West of the range line.
The defense offered to the petitory action by Mrs. Harvey is that she, her late husband and their immediate ancestors in title had been in- possession, as owners, of all of the property lying in the fork of the two creeks, for a period of more than 30 years. Mrs. Harvey, and her witnesses'testified to cattle grazing, timber cutting, mining -for gravel, clearing, leasing for oil and payment of taxes beginning in about 1940, without any interruption or adverse claim until the trespass which initiated the possessory action.
In order to prevail in this petitory action, Mr. Harvey would have to show a perfect title to the property, running to Thompson’s Creek. - As to the northerly portion thereof, there is a break in the chain of title, when all of the Fletcher F. Harvey tract, and the northerly portion of the Robert D. Harvey tract were shown to front on Hammer Creek.
As to the southerly portion, Mr. Harvey would have to prove that he is entitled to that part of the disputed tract by accretion, due to the gradual retirement of Thompson’s Creek. However, we cannot tell, from the record, if the retirement of Thompson’s Créék came before, or after, the equally evident encroachment of Hammer Creek on the Robert D. Harvey tract to the west and south. Articles 509 and 510, Civil -Code.
In reaching his conclusion, the trial judge did not consider the validity of the Melba L. Harvey title to the disputed property, apparently being of the opinion that it was immaterial in the light of the proof of Mrs. Harvey’s possession thereof as owner. Our review of the record reveals that there is ample evidence to support the trial judge’s conclusion as to the nature and extent of Mrs. Harvey’s possession.
In the light of that fact, ás well as the obvious defects in Melba L. Harvey’s title, we aré óf the opinion that the judgment of the trial court is correct in'all respects.
The judgment appealed from is therefore affirmed, at the cost of Melba L. Harvey and Worth Austin.
AFFIRMED.