LANIER, Judge.
These proceedings commenced with an action filed by Henry E. and Fatie A. Johnston (the Johnstons), which sought the judicial fixing of the boundary between their property and property owned by Ewell D. Bickham, Jr. and Caroline Phillips Bickham (the Bickhams). The Bickhams responded with an answer and a reconventional demand in which they asserted they were entitled to be maintained in possession of 10.61 acres of the land claimed by the Johnstons. The Johnstons filed a dilatory exception raising the objection of improper cumulation of actions in which they claimed the Bickhams could not lawfully assert a possessory action in a reconventional demand to a boundary action. The trial court sustained the exception and dismissed the reconventional demand. The Bickhams took this suspensive appeal.
IMPROPER CUMULATION OF ACTIONS
The trial court cited Harvey v. Harvey, 345 So.2d 113 (La.App. 1st Cir.), writ denied, 347 So.2d 246 (La.1977), as authority for sustaining the exception. The Bick-hams contend the trial court erred in finding an improper cumulation of actions. They cite as authority La.C.C.P. arts. 461 and 1061 and Harris v. Bardwell, 373 So.2d 777 (La.App. 2nd Cir.1979).
The objection of improper cumulation of actions may be raised in the dilatory exception.[1] La.C.C.P. art. 926(7). An action is a demand for the enforcement of a legal right. La.C.C.P. art. 421. A cumulation of actions is the joinder of separate actions in the same judicial demand. La.C.C.P. art. 461. A plaintiff may properly cumulate two or more actions against the same defendant if (1) each action is within the jurisdiction of the court, (2) each action is brought in the proper venue, (3) *16 the actions are mutually consistent, and (4) the actions employ the same form of procedure. La.C.C.P. art. 462. If the cumulated actions do not meet these criteria, they are improperly cumulated and should be disposed of (if properly objected to) pursuant to La.C.C.P. art. 464.
There is no cumulation of actions in this case. The Johnstons (as plaintiffs) only have one action (for fixing a boundary) against the Bickhams (as defendants) in the main demand. The Bickhams (as plaintiffs) only have one action (for possession) against the Johnstons (as defendants) in the reconventional demand. Neither the Johnstons nor the Bickhams have cumulat-ed actions. These proceedings are controlled by La.C.C.P. art. 1061 which, with its official revision comment, provide as follows:
Art. 1061. Actions pleaded in reconven-tional demand
The defendant in the principal action may assert in a reconventional demand any action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.
Official Revision Comments
This article permits a defendant to urge against the plaintiff any action which he might have. This practice has proved satisfactory in federal practice. See Fed. Rule 13(b). It prevents multiplicity of suits and encourages the settlement of all disputes between the parties at one time. Of course, this article changes the rule of Art. 375, Code of Practice 1870, requiring either diversity of residence or connexity between the main and reconventional demands.
The Harvey case is not controlling. In Harvey the plaintiff brought a possessory action against the two defendants. The defendants answered and filed a reconven-tional demand which contained a prayer that one of the defendants be declared the owner of the property. The trial court ruled that since the defendants sought a declaration of ownership, the plaintiffs possessory action was converted into a pet-itory action by the defendants. The defendants then filed an amended petition in the reconventional demand requesting the appointment of a surveyor to fix the boundary between the parties. The plaintiff filed a dilatory exception raising the objection of improper cumulation of actions which asserted the inconsistency of the petitory and boundary actions plead by the defendants in their reconventional demand. The trial court sustained the exception and this court affirmed this ruling. Thus, in Harvey the defendants attempted to cumulate (join) a petitory action and a boundary action in the same reconventional (judicial) demand. That is not the factual setting in the instant case.
The assignments of error have merit.[2]
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and the John-stons’ dilatory exception raising the objection of improper cumulation of actions is overruled. This case is remanded to the trial court for further proceedings in accordance with law. The Johnstons are cast for the cost of this appeal.
REVERSED AND REMANDED.

. The parties submitted the exception to the trial court on briefs. No evidence was introduced because the validity of the objection in this case can be determined from the petitions in the main and reconventional demands. La.C.C.P. art. 930.

. The Bickhams urge two assignments of error.