United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-30775
(Summary Calendar)
_____

CONSECO LIFE INSURANCE COMPANY,

Plaintiff-Appellee

versus

NANCY DAVIS JUDSON,

Defendant-Appellant.

----------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(04-CV-155)
----------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

This appeal arises from an interpleader action initiated by Conseco Life Insurance Company ("Conseco") to determine the rightful beneficiary of proceeds from a "key employee" life insurance policy. Hall Davis, IV ("Davis"), the president and one of two equal shareholders of Hall's Mortuary, Inc. ("HMI"), had himself designated as beneficiary of the policy even though the corporation had paid the premiums on it. At the time the insurance proceeds became payable, Davis and Appellant Nancy Davis Judson

----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Judson"), the other 50% shareholder in HMI, were already embroiled in state court proceedings regarding the dissolution of HMI. Both Davis and Judson were named as defendants in the interpleader action.

Davis answered the interpleader action and filed a cross-claim against Judson. Judson also answered the interpleader and filed a counterclaim against Davis and third-party claims against several other participants in the ongoing dissolution of HMI. Most of these additional claims did not depend on resolution of the interpleader action.

The state court then enjoined Judson from pursuing in federal court any claims related to HMI's dissolution, other than the interpleader action. In compliance with this injunction, Judson filed an Ex Parte Notice of Dismissal in the district court, withdrawing a portion of her counterclaim against Davis and all of her third-party claims. At the time she filed this notice, neither Davis nor any of the third parties had filed responsive pleadings.

For reasons we are unable to discern, the district court treated Judson's Notice of Dismissal as though it were a motion to dismiss and set it for hearing along with all remaining motions in the interpleader action. Judson then moved to strike the Notice of Dismissal from the docket, asserting that, because (1) no adverse party had responded to her claims, and (2) she had not previously dismissed any action based on or including the same claims in any court, Rule 41 of the Federal Rules of Civil Procedure gave her the

2

unrestricted right to dismiss her claims without leave of the court. The district court denied Judson's motion and, after resolving the interpleader action in favor of HMI, "DENIED, as moot" Judson's Notice of Dismissal. Understandably concerned with the possible preclusive effect of this denial on her claims against Davis and the other third parties, Judson filed a motion for a new trial, but that motion was also denied. She now appeals.

Judson's interpretation of FRCP 41 is correct. "[A]n action may be dismissed by the plaintiff <u>without order of the court</u> [] by filing a <u>notice</u> of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment."[2] "The provisions of this rule apply to the dismissal of any counterclaim, cross-claim or third-party claim."[3] In this case, it is undisputed that no adverse party had responded to Judson's claims.

The district court erred in treating Judson's Notice of Dismissal as a motion to dismiss and in denying it "as moot." We, therefore, reverse the district court and remand this action to the district court with instructions to enter judgment recognizing that the claims specified in Judson's notice were properly dismissed at the time it was filed.

REVERSED AND REMANDED with instructions.

---

[2] Fed. R. Civ. P. 41(a)(1) (emphasis added).

[3] Fed. R. Civ. P. 41(c).

3