GAIDRY, J.
| aOnce again, this court must traverse the tangled procedural maze of this civil action relating to the dissolution of a close corporation. We conclude that most of the prior orders and judgments sought to be appealed by the appellant have long acquired the status of res judicata, that the present appeal of those orders and judgments is untimely, that the final decretal elements of the judgment appealed are unappealable by the appellant, and that the remaining interlocutory judgments appealed in connection with the final judgment demonstrate no abuse of the trial court’s discretion. We accordingly sustain the appellee’s exception of res judicata in part, overrule the exception in part, dismiss the appeal in part, amend the judgment, and affirm the judgment, as amended, in all other respects.
FACTS AND PROCEDURAL HISTORY
In an earlier reported decision in this matter, we described the “tortuous trail” of this litigation from its commencement in September 2002 though the summary judgment ordering the involuntary dissolution of the corporation in April 2004. Judson v. Davis, 04-1699, pp. 2-6 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1109-12, writ denied, 05-1998 (La.2/10/06), 924 So.2d 167. Since the rendition of our reported decision, the trail has only become more circuitous and the procedural maneuvers more contentious, and numerous attempted appeals and applications for supervisory writs have been filed by Ms. Judson, the original plaintiff.[1] Our ^decision affirmed *715 the summary judgment ordering the involuntary dissolution, granted on motion of Mr. Davis. We briefly summarize the relevant procedural history since our prior decision.
On March 10, 2004, an interpleader action was filed against Ms. Judson, Mr. Davis, and Hall’s Mortuary, Inc., the corporation at issue, by Conseco Life Insurance Company (Conseco) in the U.S. District Court for the Middle District of Louisiana. The subject of the action was the distribution of the proceeds of a life insurance policy on a key corporate employee, due to a dispute over whether Mr. Davis or the corporation was the policy beneficiary.
Ms. Judson answered the federal court complaint and also served a cross-claim against Mr. Davis and third-party claims against the liquidator, Edward J. Merrick, Jr., and his attorney, among others, alleging a conspiracy by the opposing parties to deprive her of property without due process of law. She also requested injunctive relief to stay the state court dissolution proceedings, alleging that the trial court’s “inordinate bias” rendered it “a foregone conclusion that it will dissolve her corporation without due process of law” if the requested injunctive relief were not issued. The federal district court declined to issue such relief. After nearly two years of contentious litigation in that court, the federal court ultimately rendered judgment on March 31, 2006, declaring the corporation, rather than Mr. Davis, the beneficiary of the life insurance policy. Conseco Life Ins. Co. v. Judson, 04-CV-155 (M.D.La.2006), reversed in part on other grounds, 214 Fed.Appx. 446 (C.A.5th (La.) 2007).
During the pendency of the federal court interpleader action, Ms. Judson attempted to interject unrelated issues relating to the dissolution proceeding in the federal interpleader action. It was necessary for the state)¿trial court, in defense of the exercise of its jurisdiction, to enjoin her from attempting to litigate any matters unrelated to the interpleader action in the federal district court. It accordingly issued an order to that effect on May 12, 2004.
In accordance with a detailed plan of liquidation, approved by the trial court, Mr. Merrick attempted to sell the business of the corporation, a funeral home, as a going concern. His efforts in that regard were unsuccessful, and he therefore followed the liquidation plan’s alternative course of selling the corporation’s tangible assets, including its immovable property. On motion of Mr. Merrick, following extensive evidentiary hearings on June 23, 2006, and July 31, 2006, the trial court approved the sale of the immovable property and payment of the real estate broker’s commission by judgment signed on August 23, 2006. That judgment also addressed a motion by Mr. Davis to require court approval of payment of liquidation fees and expenses and motions by Ms. Judson to distribute the Conseco insurance policy proceeds to the two stockholders (Mr. Davis and Ms. Judson) and to vacate the injunction of May 12, 2004. The trial court granted Mr. Davis’s motion, requiring the liquidator’s submission of ex parte motions for approval of payment of fees and expenses. The trial court denied Ms. Judson’s motions.
*716 Ms. Judson attempted to appeal the judgment of August 23, 2006. Her motion for appeal expressly limited her appeal to “that part” of the judgment approving the sale of immovable property and “that part” of the judgment denying her motion seeking distribution of the proceeds of the Con-seco policy. We granted Mr. Merrick’s motion to dismiss the appeal on the grounds that the judgment was an interlocutory judgment for which an |sappeal was not expressly provided by law. Judson v. Davis, 2007 CA 1105 (La.App. 1st Cir.9/4/07) (unpublished opinion).[2]
In the course of administering the liquidation proceeding, Mr. Merrick discovered certain suspicious financial transactions by Mr. Davis, suggestive of serious impropriety and breaches of fiduciary duty to the corporation on his part. Mr. Merrick filed a civil action for recovery of the corporate funds allegedly misused by Mr. Davis. After Mr. Merrick reported the suspected improprieties to the trial court, the erstwhile adversaries, Ms. Judson and Mr. Davis, joined to file a motion to remove Mr. Merrick as liquidator and to remove his counsel, who had been appointed by the trial court. The trial court granted that motion on February 11, 2008.
On February 22, 2008, Mr. Merrick filed a contradictory motion seeking court approval of his actions as liquidator and ho-mologation of his final accounting as liquidator. The motion was fixed for hearing on May 15, 2008, with notice issued to Ms. Judson and Mr. Davis. The hearing was converted to a status conference in chambers. In addition to excepting to and opposing the liquidator’s motion for homolo-gation, Ms. Judson filed a “Motion for Distribution,” seeking immediate distribution of her share of the net assets of the corporation and alleging that all corporate property had been sold and all debts and liabilities had been paid.
On April 9, 2008, Mr. Merrick deposited the corporation’s funds into the registry of the trial court.
|fiOn May 28, 2008, Mr. Merrick filed another motion seeking court approval and homologation of his amended and supplemented final accounting. The final hearing on that motion for homologation was eventually set for August 14, 2008.
On August 14, 2008, the final hearing was held on Mr. Merrick’s motion for ho-mologation of his final accounting. His motion was granted, the court expressly finding that “all of the [liquidator’s actions reflected therein have been valid, have been in the best interests of the [corporation and its shareholders and creditors, and have been consistent with the orders of this [cjourt, his fiduciary duty, and applicable law.” The trial court signed its judgment that day, homologating the final accounting as supplemented and amended. No timely appeal of that judgment was taken.[3]
On October 22, 2008, Ms. Judson filed a “Motion for Final Judgment & Distribution of Funds With Incorporated Memorandum in Support.” On November 13, *717 2008, the trial court signed a judgment on those combined motions, prepared by Ms. Judson’s counsel, declaring Hall’s Mortuary dissolved; ordering the distribution of the sum of $861,879.22 to Ms. Judson and Mr. Hall, in equal proportions; ordering the disputed amount of $82,255.10 to be retained in the court registry; and ordering the transfer of the corporate records to the clerk of court. The judgment further declared that it was a “full and final judgment.”
Ms. Judson attempted to appeal the judgment of November 18, 2008, but we granted Mr. Merrick’s motion to dismiss the appeal on the grounds that the judgment was a partial judgment, in that it did not resolve the litigation as to the disputed sum of $82,255.10 remaining in the registry of the court, and as a partial judgment was not designated as appealable under La. C.C.P. art. 1915(B). Judson v. Davis, 2009 CA 1053 (La.App. 1st Cir.11/25/09) (unreported decision).
On April 29, 2010, Ms. Judson and Mr. Davis filed a “Notice of Partial Settlement; Joint Motion for Distribution & Order,” alleging that they had reached a settlement agreement “for the limited purpose of resolving the issue of distribution of certain funds” still in the registry of the court, amounting to $63,697.55, and requesting the trial court to order the distribution of those funds in accordance with the terms of the parties’ settlement agreement. The trial court granted their motion by order signed May 3, 2010. Ms. Judson then sought to appeal that order, characterizing it as a “Final Judgment.”
We dismissed the appeal on the grounds that the judgment was not properly ap-pealable as a judgment sought by and in which Ms. Judson acquiesced; lacked de-cretal language evidencing its dispositive nature; and as a partial judgment lacked the required determination of finality under La. C.C.P. art. 1915(B). Judson v. Davis, 2010 CA 1883 (La.App. 1st Cir.2/18/11) (unreported decision).
On February 22, 2011, Ms. Judson filed a “Motion & Order for Proper Decree of Final Judgment; Appeal & Designation of Record,” seeking the rendition of a “proper final judgment” and an immediate de-volutive appeal from that judgment. Filed with her motion (which did not incorporate an order, despite its caption) was a “Final Judgment” and an order of devolutive appeal. The “Final Judgment” was signed by the trial court on February 23, 2011.
On February 24, 2011, Ms. Judson filed a “Motion & Order to Amend Proposed Final Judgment,” seeking to correct a clerical error in its decretal language. An amended “Final Judgment” with the correction was prepared |8by Ms. Judson’s counsel and attached to the motion. Its language was identical to the February 23, 2011 judgment, except that the phrase “disposed of’ was substituted for the closing word “distributed” used in the February 23, 2011 “Final Judgment.” The amended “Final Judgment” was signed on February 24, 2011, the same day that the order of appeal was signed.
We quote the “Final Judgment” in its entirety:
CONSIDERING THE FOREGOING Motion & Order for Proper Decree of Final Judgment; Appeal & Designation of Record, it is ORDERED, ADJUDGED, AND DECREED that judgment be and is hereby rendered and/or reiterated in favor of Hall Davis, IV and against Nancy Davis Judson, specifically reasserting the prior judgments/orders of this court since the first final judgment was entered herein on April 23, 2004, and disposing of and/or dismissing this case in its entirety. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED and/or reiterated in accor *718 dance with the Judgments/orders entered herein, that Hall’s Mortuary, Inc. be and is Dissolved, and that all of the tangible assets of the corporation be and have been Liquidated. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED and/or reiterated that all issues before this court between the parties, Nancy Davis Judson and Hall Davis, IV, including the distribution of all remaining funds that were in dispute and in the registry of the Clerk of Court for West Baton Rouge Parish, be and have been disposed of.
Order signed at Port Allen, Louisiana on this 24th day of February, 2011.
/a/ J. Robin Free
J. Robin Free, District Court Judge
It is the February 24, 2011 “Final Judgment” that Ms. Judson purportedly appeals, and only this judgment is attached to her appellate brief.[4]
| (According to the certificate of service of Ms. Judson’s brief, only Mr. Davis was served with a copy of her brief; Mr. Merrick was not served. Despite that omission on the part of Ms. Judson, Mr. Merrick has filed a timely opposition brief as appellee.
On May 17, 2011, Mr. Merrick filed a motion in this court to dismiss this appeal and a peremptory exception of res judica-ta. He contends that the “Final Judgment,” like the prior judgments addressed in the last two appeals, is not a final, appealable judgment, and that review of most of the particular rulings that Ms. Judson attempts to appeal is barred by res judicata.
On June 8, 2011, Ms. Judson filed a motion to strike Mr. Merrick’s appellate brief and for sanctions, on the grounds that he is not a party in the underlying action and therefore cannot be an appellee for purposes of this appeal. On September 20, 2011, less than an hour before the submission of this matter for decision on our docket (oral argument being waived), Ms. Judson filed a “Motion for Explicit Declaration of Status/Standing of Edward Merrick With Incorporated Memorandum.” In this motion, Ms. Judson states that she “is entitled to ... an explicit declaration of status and/or standing attributed to Merrick which gives him the rights of a party to this litigation!,] • • • inclusive of citation of the legal authority upon which such status is granted.” Her demand in that regard is directed to this court.
We referred our disposition of the foregoing motions to the determination of the merits of this appeal.
ASSIGNMENTS OF ERROR
Ms. Judson contends that the trial court “abused its discretion and/or committed manifest error” because it:
A. ordered the sale of the assets of Hall’s Mortuary, Inc. at a fraction of its [sic ] fair market value [by judgment signed on August 23, 2006].
hnB. conducted an impromptu, unorthodox, unauthorized, unannounced auction, or some hybrid thereof, in open court on June 23, 2006 and July 31, 2006 [resulting in the sale *719 ordered by judgment signed on August 23, 2006].
C. held that the [liquidator could use the proceeds of the Cfonseco] Life Insurance [p]olicy for the debts of the beneficiary, Hall’s Mortuary, Inc. [by judgment signed on August 23, 2006].
D. [i]ssued [on May 14, 2004], then refused [by judgment signed on August 23, 2006] to vacate an errant “preliminary injunction” which was entered after final judgment, and which prevented [Ms. Judson] from litigating ripe and justiciable issues in the federal court.'
E. issued judgment [signed on August 14, 2008] on a summary motion of the non-party former liquidator, declaring the appropriateness/validity of the actions of the former liquidator.
F. failed to distribute all of the remaining assets of the corporation between the shareholders [by judgment signed on November 13, 2008], and made ex parte payments ($42,-797.08) to [Mr. Merrick’s counsel] after they had been removed from this case.
G. granted the ex parte motions of the non-party former liquidator for payments to said liquidator and/or his attorneys, when neither was clearly entitled to such payments without supporting proof — including at least one ex parte motion granted on December 28, 2009 while the case was on appeal and the trial court divested of jurisdiction in accordance with La. [C.C.P. art.] 2088.
LAW AND ANALYSIS
The voluminous record of this matter demonstrates that Ms. Judson’s circumlocutory pleadings and questionable procedural maneuvers; her unsupported accusations of judicial bias, prejudice, and procedural impropriety; her litany of vague invocations of constitutional rights;[5] and |nher incessant (and consistently meritless) appeals and writ applications have created a veritable Gordian knot.

The Former Liquidator Is a Party and an Appellee

Ms. Judson has filed a motion in this court to strike Mr. Merrick’s appellate brief and to impose sanctions upon him and his counsel. She contends that because he is not a party to the underlying litigation, he cannot be an appellee and has no right to participate in this appeal. Despite several express and implicit rulings of this court rejecting her contentions in that regard, Ms. Judson’s counsel essentially ignore our rulings and obstinately re-urge their client’s novel but unsupported legal theory.
In our prior reported decision, we expressly rejected Ms. Judson’s challenge to Mr. Merrick’s standing as a party to this litigation. We explicitly held that as court-appointed temporary liquidator in an involuntary dissolution, or dissolution under court supervision, he clearly had standing to seek judicial approval of his discretionary actions of which Ms. Judson complained. Judson, 04-1699 at pp. 15-16, 916 So.2d at 1116-17. Insofar as Mr. Merrick’s actions undertaken in that ca *720 pacity are concerned, our holdings on that issue constitute the law of the case.[6] For similar reasons, we hold that Mr. Merrick, in his capacity as former liquidator, has standing | iaas a party in interest regarding his subsequent actions culminating in the judgment of homologation.
We offer the following succinct explanation of our reasoning.[7] Following the rendition and appellate finality of the summary judgment on Mr. Hall’s recon-ventional demand, ordering the corporate dissolution, this civil action assumed, for all practical purposes, the character of a liquidation proceeding for involuntary corporate dissolution. All of the actions at issue in this appeal relate to proceedings in that dissolution action, not the original adversary mandamus action instituted by Ms. Judson against Mr. Davis, which became moot after the summary judgment ordering dissolution became final.
Once the dissolution action commenced, Mr. Merrick, first as temporary liquidator and later as liquidator, assumed the status of legal representative of the corporation for all purposes, including the dissolution action itself. See La. R.S. 12:141(0, 12:145(C), and 12:146. For procedural purposes, a liquidator is considered a “legal representative” of the entity whose assets are being liquidated. See La. C.C.P. art. 5251(10). A judicial liquidator in dissolution proceedings shall have full authority to retain counsel and auditors, and to prosecute and defend actions. La. R.S. 12:146(C). (Emphasis added.)
|1SA liquidator appointed for a domestic corporation by a court of this state is the proper plaintiff to sue to enforce a right of the corporation. La. C.C.P. art. 692. Such a liquidator may prosecute any action without special authorization from the court that appointed him. Id. Conversely, the liquidator is the proper defendant in an action to enforce an obligation owed by the corporation or by him as liquidator. La. C.C.P. art. 740. As liquidator, Mr. *721 Merrick was thus unquestionably a party to the liquidation proceeding itself, as representative of the corporate entity undergoing dissolution. A legal representative, including a liquidator, may appeal any ap-pealable judgment rendered against him or affecting the property that he is administering, for the benefit of the person whose property he administers or whom he represents, whenever he considers an appeal necessary or advisable. La. C.C.P. art. 2084. It only stands to reason that a liquidator may also oppose the appeal of a judgment in his favor or affecting the property that he is administering.
Mr. Merrick’s earlier actions as to which Ms. Judson seeks appellate review were undertaken while he held the status of liquidator and exercised the powers and performed the fiduciary duties of that position. As former liquidator, he therefore has standing to defend his actions while serving as liquidator and is a party for those purposes of this appeal. As former liquidator, although technically removed from active status as liquidator at the time of the homologation, Mr. Merrick was nevertheless a party in interest for purposes of his required final accounting, its homol-ogation, and other related actions. He retains that status for purposes of this appeal. See, e.g., La. C.C.P. art. 2086. Ms. Judson’s repetitive contentions to the contrary are utterly without merit and are patently frivolous. Her motion to strike appellee’s brief and for sanctions is denied, as is her “Motion for]¿¿Explicit Deelaration of Status/Standing of Edward Merrick With Incorporated Memorandum.”
Because Mr. Merrick is unquestionably a party (and arguably the only true opposing party and appellee) for purposes of this appeal, the intentional failure of Ms. Judson’s counsel to serve him with copies of her appellate brief constitutes a flagrant violation of Rules 2-18, 2-14.1, and 2-14.2 of the Uniform Rules of the Louisiana Courts of Appeal.[8] Ms. Judson has moved to strike Mr. Merrick’s brief and pleadings in this court, on the grounds that he is not a party, and she has routinely requested sanctions against him and his counsel in both the trial court and this court. As an appropriate sanction for her counsel’s deliberate violation of the rules of this court, we hereby strike and will not consider the argument section of her brief in rendering our decision herein. In doing so, we emphasize that we will not countenance such conduct on the part of Ms. Judson’s counsel, and any future deliberate violations of our rules may warrant less tolerance on our part.

The Judgment Denying the Motion to Vacate the Injunction Was an Ap-pealable Judgment, Was Not Appealed, And Is Res Judicata

The record of this matter shows that Ms. Judson did not seek a timely appeal of that portion of the August 23, 2006 judgment that denied her motion to vacate the injunction originally issued on May 12, 2004. The judgment was an appealable *722 interlocutory judgment. She may not appeal it now. See n. 2, supra. Her fourth assignment of error is without merit.
| KThe Judgment of Homologation Was an Appealable Judgment, Was Not Appealed, And Is Res Judicata
A judgment is the determination of the rights of the parties in an action, and is either interlocutory or final. La. C.C.P. art. 1841. A judgment that determines the merits in whole or in part is a final judgment. Id. An appeahis “the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” La. C.C.P. art. 2082. A final judgment is ap-pealable in all causes in which appeals are given by law. La. C.C.P. art. 2083(A). An interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083(C).
The judgment of homologation of Mr. Merrick’s accounting as liquidator, signed on August 14, 2008, was a final, appealable judgment with “the authority of the thing adjudged” (res judicata). See In re Phoenix Bldg. & Homestead Ass’n, 203 La. 565, 573, 14 So.2d 447, 449-50 (La.1943), and Liquidation of Canal Bank & Trust Co., 211 La. 803, 830, 30 So.2d 841, 850 (La.1947).[9] Neither Ms. Judson nor Mr. Hall appealed that judgment. Accordingly, all causes of action between the parties, including the former liquidator, addressed by the judgment of homologation, are res judicata, and all essential issues actually litigated and determined are conclusive as between those parties. See La. R.S. 13:4231. The issues actually litigated at the hearing on Mr. Merrick’s motion and determined by the judgment of homolo-gation included: (1) the sale of the immovable property, previously authorized by the trial court by the August 23, 2006 judgment; (2) the authority of the liquidator to use the Conseco insurance policy proceeds as funds belonging to the corporation, previously addressed by the August 23, 1^2006 judgment; (3) the payment of ongoing liquidation costs, including fees for professional services of the liquidator and accountants, attorney fees, and other expenses through the time of the judgment of homologation; (4) the handling of various legal matters involving the corporation and the liquidation proceeding, including the injunction against litigation in federal court, certain eviction proceedings, the status of insurance policies on the shareholders, and the defense of debt collection claims; and (5) the propriety of all of Mr. Merrick’s actions as liquidator in exercising his legal authority, performing his administrative duties, and undertaking the described transactions through the time of the judgment of homologation.
Additionally, we agree with Mr. Merrick that the federal district court judgment in the interpleader action, declaring the corporation the beneficiary of the life insurance proceeds, has res judicata effect under federal law as to any direct claim Ms. Judson asserted to any portion of the life insurance policy proceeds, apart from any general claim to the net corporate assets in which those proceeds may have formed a part.
It is well settled that when a trial judge signs a judgment and then signs another, the second judgment is a nullity and without legal effect. McGee v. Wilkinson, 03-1178, p. 4 (La.App. 1st Cir.4/2/04), 878 So.2d 552, 554. Insofar as the “Final Judgment” of February 24, 2011 purports to “reiterate” or “reassert” the trial court’s prior orders and judgments and its determination of issues previously addressed by the judgment of ho-mologation, it is of no effect whatsoever. And again, because the judgment of ho- *723 mologation is final and unappealable, it is res judicata and renders the “Final Judgment” null as to the issues previously determined. See Bowers v. Jones-Journet, 316 So.2d 18, 21 (La.App. 4th Cir.1975). Ms. Judson cannot bootstrap a timely appeal of the judgment denying her 117motion to vacate the injunction four and a half years earlier, and the judgment of homolo-gation two and a half years earlier, by crafting a judgment that “reiterates” and “reasserts” the decretal language of “the prior judgments/orders of this court since the first final judgment was entered herein on April 23, 2004”.[10] Her attempt to appeal the judgment of homologation and the August 23, 2006 judgment denying her motion to vacate the injunction is untimely, and that portion of this appeal must be dismissed. In summary, Ms. Judson’s first five assignments of error have no merit.
In accordance with our ruling herein, we amend the trial court’s judgment of February 24, 2011, to delete the phrases “and/or reiterated,” “specifically reasserting the prior judgments/orders of this court since the first final judgment was entered herein on April 23, 2004,” “and/or reiterated in accordance with the Judgments/orders entered herein,” and “and/or reiterated.”

The Judgment At Issue Is a Final, Appealable Judgment Under La. R.S. 12:148(A)(1)

Louisiana Revised Statutes 12:148(A)(1) provides that “[wjhen a corporation has been liquidated completely” in an involuntary dissolution proceeding “subject to the supervision of the court, the court shall make an order declaring the corporation to be dissolved.” The “Final Judgment” comports with that statutory requirement. Additionally, the “Final 11RJudgment” recites a declaration of finality, to the effect that “all issues before this court between the parties, Nancy Davis Judson and Hall Davis, IV, including the distribution of all remaining funds that were in dispute and in the registry of the Clerk of Court for West Baton Rouge Parish, be and have been disposed of.” Although Mr. Merrick emphasizes that certain peripheral matters, such as the lawsuit against Mr. Hall, remain unresolved, we conclude that for purposes of this appeal the “Final Judgment” sufficiently addresses the decretal defects described in our prior ruling of February 18, 2011. Judson, 2010 CA 1883.
Ms. Judson actively sought and acquiesced in the actual decretal elements of the “Final Judgment” (the dismissal of the action and declarations of liquidation of assets and dissolution) and she seeks no revision, modification, vacation, or reversal of those decrees. Insofar as the “Final Judgment” of February 24, 2011 purports to grant Ms. Judson’s motion dismissing the case in its entirety, declares the corporation’s tangible assets liquidated, and de *724 clares that it disposes of all issues between Ms. Judson and Mr. Davis (but with no mention of issues between Ms. Judson and Mr. Merrick), it is unappealable by her as a judgment “in favor of Hall Davis, IV and against Nancy Davis Judson” in which she “voluntarily and unconditionally acquiesced.” See La. C.C.P. art. 2085 and Judson, 2010 CA 1883.
The remaining issues on appeal relate to the trial court’s interlocutory judgment of November 13, 2008, denying Ms. Judson’s “Motion for Distribution,” which sought immediate distribution of all corporate funds then being held in the registry of the court, and its later interlocutory orders authorizing periodic interim payments of the fees and expenses of the former liquidator, including his attorney fees. When an unrestricted appeal is taken 119of a final judgment determinative of the merits, the appellant is generally entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. See Judson, 04-1699 at p. 8, 916 So.2d at 1112. To the extent that the described interlocutory judgments formed an integral part of the liquidation proceeding and have not acquired res judicata status, they may be considered as being procedurally merged into the “Final Judgment.”
The interlocutory judgment denying Ms. Judson’s “Motion for Distribution of Funds” in part (by ordering $82,255.10 to be retained in the court registry) was contained in the same combined “Final Judgment” of November 13, 2008 that was the subject of a prior appeal dismissed by this court as involving an uncertified partial final judgment. Judson, 2009 CA 1053. Nevertheless, we hold that it may properly be reviewed at this time in connection with the actual “Final Judgment” of February 24, 2011. In that regard, we have examined the record of this matter and find no abuse of the trial court’s discretion in ordering the described sum retained in the court registry pending the “Final Judgment” declaring dissolution of the corporation. Ms. Judson’s sixth assignment of error has no merit.
The trial court rulings relating to the liquidator’s actions, approved by the August 14, 2008 judgment of homologation, acquired the status of res judicata prior to rendition of the “Final Judgment.” Accordingly, any interlocutory judgments approving the liquidator’s actions and his payments of the liquidator’s fees and expenses prior to the foregoing date may not be appealed. However, the trial court’s interlocutory orders of September 10, 2008; November 17, 2008; November 24, 2008; December 28, 2009; and May 3, 2010, approving the former liquidator’s payment of fees and expenses, were issued after the judgment of homologation of August 14, |an2008. Given the context in which the described interlocutory judgments are presented, in relation to the “Final Judgment,” we conclude that Ms. Judson may at this juncture seek appellate review of them at this time.
In her assignment of error relating to those judgments, Ms. Judson challenges those payments on the grounds that most, if not all, of the fees and expenses were for services performed after the date of Mr. Merrick’s removal as liquidator, and that at least one interlocutory judgment was issued while the trial court was supposedly divested of jurisdiction due to a prior appeal (ultimately dismissed as improper). She offers no other substantive objection to any of the items of fees or expenses paid, but only a vague assertion that the fees and expenses were approved by the trial court “without supporting proof.”
*725 After careful review of the record, we conclude that the payments were legally justified based upon the former judicial liquidator’s continuing duties in support of his prior administration of the corporate assets, and that adequate supporting proof was in fact presented to the trial court, as documented in the record. The trial court did not abuse its considered discretion under La. R.S. 12:146(C) and (D) in issuing its orders. The post-homologation interlocutory orders are affirmed. Ms. Judson’s seventh and final assignment of error has no merit.
DECREE
The motion to strike appellee’s brief and for sanctions of the plaintiff-appellant, Nancy Davis Judson, is denied. The plaintiff-appellant’s “Motion for Explicit Declaration of Status/Standing of Edward Merrick With Incorporated Memorandum” is denied. The argument section of the plaintiff-appellant’s brief is ordered stricken as a sanction for her intentional violation of Rules 2-13, 2-14.1, and 2-14.2 of the Uniform Rules of the |2i Louisiana Courts of Appeal. The peremptory exception of res judicata of the appellee, Edward J. Merrick, Jr., is sustained in part and overruled in part and his motion to dismiss the appeal is granted in part and denied in part. This appeal is dismissed in part as to all issues addressed in the prior judgment of homologation of August 14, 2008 and in the final decrees of dissolution, liquidation of assets, and dismissal of the action in the judgment of February 24, 2011. The final judgment appealed is amended to remove all language purporting to “reassert” or “reiterate” prior orders or judgments in this action. The remaining interlocutory judgments and orders appealed with the final judgment are otherwise affirmed in all other respects. All costs of this appeal are assessed to the plaintiff-appellant, Nancy Davis Judson.
MOTION TO STRIKE DENIED; MOTION FOR EXPLICIT DECLARATION DENIED; APPELLANT’S BRIEF STRICKEN IN PART; PEREMPTORY EXCEPTION SUSTAINED IN PART AND OVERRULED IN PART; APPEAL DISMISSED IN PART; JUDGMENT AMENDED AND AFFIRMED AS AMENDED IN ALL OTHER RESPECTS.

. In our prior reported decision, we noted that "[t]he voluminous and convoluted state of the record demonstrates that Ms. Judson has repeatedly sought relief from various rulings of the trial court,” and that she was then seeking review of not only the summary judgment ordering dissolution, "but also review of other interlocutory judgments and orders, *715 some of which have been the subjects of prior attempted appeals and supervisory writ applications.” Id., 04-1699 at pp. 7-8, 916 So.2d at 1112. Since our reported decision, Ms. Judson has sought appellate and supervisory review of various judgments and orders in this court on at least five additional occasions, not including the present appeal. Ms. Judson has unsuccessfully applied for writs to the supreme court on at least four occasions since our reported decision.

. Arguably, the wording of our ruling may have been technically incorrect with regard to that portion of the August 23, 2006 judgment that denied Ms. Judson's motion to vacate the injunction against federal court litigation on the same subject matter. It is generally recognized that a party is entitled to an appeal as a matter of right from a judgment relating to a preliminary or final injunction. See La. C.C.P. art. 3612(B). But it is clear from her motion for appeal that Ms. Judson did not in fact seek review at that time of that portion of the judgment relating to the injunction.

. Neither the judgment nor the trial court’s minute entry make any express disposition of Ms. Judson’s "Motion for Distribution.” Presumably, it was denied.

. The order of appeal prepared by Ms. Judson for the trial court refers only to the original “final judgment” of February 23, 2011, not the amended "Final Judgment” of February 24, 2011. Because the order granting her appeal was signed on February 24, 2011, the same day that the amended "Final Judgment” was signed, and because appeals are favored in the law, we will disregard that technicality and treat this appeal as an appeal of the amended "Final Judgment.”

. For example, in her appellate brief, Ms. Judson accuses the trial court of violating her "right to due process and equal protection of the law by denying her access to the courts for ‘an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury’ to her property rights, [sic]” In an "objection” to our order granting Mr. Merrick oral argument in this appeal, she claims that this court “ignores its obligation to assure that [she] is afforded Due Process and the Equal Protection of the Law in asserting her property rights.”

. The "law of the case" doctrine embodies the rale that an appellate court will not consider its own rulings of law in the same case. Lejano v. Bandak, 97-0388, p. 23 (La. 12/12/97), 705 So.2d 158, 170, cert. denied sub. nom., Lejano v. K.S. Bandak Assuranceforeningen Gard, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998). The doctrine is the proper procedural principle, as opposed to res judicata, governing prior judgments by either trial or appellate courts on issues within the same case. Bank One, Nat'l Ass'n v. Velten, 04-2001, p. 6 (La.App. 4th Cir.8/17/05), 917 So.2d 454, 458-59, writ denied, 06-0040 (La.4/28/06), 927 So.2d 283, cert. denied, 549 U.S. 826, 127 S.Ct. 349, 166 L.Ed.2d 44 (2006). In addition to our ruling in our prior reported case, we have denied a motion (styled as a peremptory exception of no right of action) by Ms. Judson to strike an opposition brief by Mr. Merrick, based on the same grounds as her present exception, in a prior writ application. Judson v. Davis, 2006 CW 2237 (La.App. 1st Cir.2/22/07) (unpublished disposition), writ denied, 07-0622 (La.4/27/07), 955 So.2d 698.

. Following the filing of her motion to strike Mr. Merrick’s brief and to impose sanctions, Ms. Judson filed a "Motion for Hearing on Appellant’s Pending Exception of No Right of Action & Motion to Strike 'Appellee' Brief & for Sanctions, With Incorporated Memorandum.” In the latter, she states: "[I]f Merrick is somehow found to be a party to this lawsuit and somehow entitled to file a brief and/or present oral argument herein, Appellant is entitled to and specifically demands that this Honorable Court issue an explicit order with citation of the legal authority upon which it relies to deny her access to the court and to grant Merrick party status.” (Emphasis in original.) She reiterates that demand of this court in her pending "Motion for Explicit Declaration of Status/Standing of Edward Merrick With Incorporated Memorandum.” We explain the legal basis of our holding simply to demonstrate its fundamental and sound basis in our law. In doing so, we do not acknowledge any right of Ms. Judson's counsel to “demand” that we provide them with “citation of the legal authority” that they are capable of finding themselves.

. The fact that Mr. Davis, as purported adverse party to Ms. Judson, has hied no brief in this appeal lends convincing support to our conclusion that Mr. Merrick is the only interested appellee. It is quite evident that Ms. Judson's failure to serve a copy of her brief on Mr. Merrick was intentional, as she engaged in the same obstructive tactic in at least one earlier attempted appeal in this matter. See Judson v. Davis, 2009 CA 1053 (La.App. 1st Cir. 11/25/09) (unpublished disposition), writ denied, 10-0316 (La.4/16/10), 31 So.3d 1065. In addition to her repeated characterizations of him as a “non-party” and "interloper” in these proceedings, she expressly acknowledges in the certificates of service of her subsequent filings in this appeal that she has served him with copies only “out of an abundance of caution.” (Emphasis in original.)

. See also, e.g., La. C.C.P. art. 4396 and Succession of Moffat, 577 So.2d 1210, 1212-13 (La.App. 4th Cir.), writ denied, 582 So.2d 1312 (La.1991).

. In his brief, Mr. Merrick appropriately observes that the "Final Judgment” at issue "resembles a misguided attempt to style as a 'judgment' an unauthorized certification for appeal of all previous rulings in the case,” and that the record demonstrates "Ms. Judson's history of repeatedly trying to relitigate dead issues at tremendous cost to the parties and with tremendous waste of judicial resources." This is not the first time that Ms. Judson has used improper procedural maneuvers to attempt to get "a second bite at the apple” on previously determined issues. In our prior reported decision, we declined to consider an "overly broad, 'catchall' assignment of error,” raised for the first time on appeal, asserting an amorphous violation of constitutional rights. We observed that the "new ‘constitutional’ issues plainly represent a thinly-disguised attempt to resurrect two of the three subsidiary issues this court has already addressed in the context of prior writ application proceedings.” Judson, 04-1699 at p. 23, 916 So.2d at 1121.