# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

*PMc by JEW*
*JEW*

## 2019 CA 0977

## DR. RALPH SLAUGHTER

## VERSUS

## LOUISIANA STATE EMPLOYEES RETIREMENT SYSTEM

**Judgment Rendered:** JUN 0 1 2020

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C612525, Sec. 24

Honorable R. Michael Caldwell, Judge Presiding

* * * * * *

| | |
|---|---|
| Scott D. Wilson | Counsel for Plaintiff/Appellant |
| John S. McLindon | Dr. Ralph Slaughter |
| Baton Rouge, Louisiana | |
| | |
| Tina Vicari Grant | Counsel for Defendant/Appellee |
| R. Stephen Stark | Louisiana State Employees' |
| Baton Rouge, Louisiana | Retirement System |

* * * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

Holdridge J. concurs for reasons assigned.

**McCLENDON, J.**

This case is before us on appeal by plaintiff, Dr. Ralph Slaughter, from a judgment of the trial court denying plaintiff's "motion for judgment on the record." For the reasons that follow, we dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

The background of this case is set forth in the Supreme Court's earlier opinion in **Slaughter v. Louisiana State Employees' Retirement System**, 2015-0324 (La. 10/14/15), 180 So.3d 279, 280-81 (*per curiam*):

> In 2009, plaintiff, Dr. Ralph Slaughter, retired as president of Southern University System ("Southern") after thirty-five years of service. Upon retirement, the Louisiana State Employees' Retirement System ("LASERS") began paying plaintiff retirement benefits of $24,487 per month.
>
> In 2009, plaintiff filed suit against Southern for past due wages. The district court ruled that Southern had miscalculated plaintiff's income base by including supplemental pay plaintiff had received from the Southern University Foundation, and determined plaintiff's terminal pay (500 hours of unused leave) and retirement should have been calculated only on his $220,000 annual base salary due from Southern. The court of appeal affirmed on appeal, noting plaintiff "manipulated the system and used his position for his own benefit." [**Slaughter v. Bd. of Supervisors of Southern Univ. & Agr. & Mech. Coll.**, 10-1049 (La.App. 1 Cir. 8/2/11), 76 So.3d 438, writ denied, 11-2110 (La. 1/13/12), 77 So.3d 970 ("**Slaughter I** ")].
>
> In the meanwhile, on January 22, 2010, Southern sent a letter to LASERS advising it had committed an error in including supplemental funds in plaintiff's earnings. Because the [**Slaughter I**] suit was ongoing at the time, LASERS filed a concursus proceeding (hereinafter referred to as ["**Slaughter II**"]) seeking to deposit the disputed amount of plaintiff's benefit in the registry of court pending resolution of the [**Slaughter I**] litigation. Plaintiff filed an exception of no cause of action. The district court granted the exception and dismissed [**Slaughter II**] with prejudice. LASERS did not appeal this judgment, and it is now final.
>
> On April 27, 2012, after [**Slaughter I**] became final, LASERS sent correspondence to plaintiff advising it intended to retroactively reduce his retirement benefit starting June 1, 2012 "due to an error made by Southern University in the reporting of your earnings." Relying on La. R.S. 11:192, LASERS maintained it may adjust benefits and further reduce the corrected benefit to recover overpayment within a reasonable number of months.
>
> Plaintiff then filed the instant suit against LASERS, seeking a writ of mandamus, injunctive relief, and a declaratory judgment confirming LASERS has no authority or ability to reduce his retirement benefits. The petition alleged plaintiff's retirement benefits should be calculated based on the entirety of his earnings over thirty-five years of employment, including salary supplements.

2

After a bench trial, the district court granted plaintiff's petition for declaratory judgment. Without reaching the merits of plaintiff's arguments regarding the calculation of benefits, the court held LASERS was not entitled to reduce plaintiff's retirement benefits because it failed to follow the procedural requirements set forth in La. R.S. 11:407. Specifically, the court found LASERS failed to introduce any evidence indicating it submitted documentation of the administrative error to the LASERS board of trustees as required by La. R.S. 11:407.

LASERS appealed this ruling. Plaintiff answered the appeal, asserting that any attempt by LASERS to reduce his benefits was barred by res judicata and prescription.

On appeal, the court of appeal rejected plaintiff's res judicata and prescription arguments. However, the court affirmed the district court's judgment in favor of plaintiff, finding LASERS failed to prove that it followed the proper procedure before initiating action to reduce and recoup plaintiff's retirement benefits. [**Slaughter v. Louisiana State Employees' Retirement System**, 13-2255 (La.App. 1 Cir. 12/4/14), 2014 WL 6854536 (*unpublished*)]. One judge concurred and another judge dissented ["**Slaughter III**"].

Upon the application of LASERS, we granted certiorari to review the correctness of that decision. [**Slaughter v. Louisiana State Employees' Retirement System**, 13-0324 (La. 6/1/15), 171 So.3d 258] ["**Slaughter IV**"].

[Footnotes omitted.]

Upon review of this court's decision in **Slaughter III**, the Supreme Court in **Slaughter IV** found that this court had properly rejected plaintiff's arguments of res judicata and prescription. The **Slaughter IV** Court then stated that as to the merits of this court's decision in **Slaughter III**, "the narrow question presented for our resolution is whether LASERS failed to follow the proper procedure before initiating action to reduce and recoup plaintiff's retirement benefits." The **Slaughter IV** Court concluded that this court and the trial court had erred in finding LASERS failed to prove that it followed the proper procedure before initiating action to reduce and recoup plaintiff's benefits, and reversed this court's judgment on that point. The **Slaughter IV** Court affirmed this court's judgment in all other respects and remanded to the trial court for further proceedings not inconsistent with the opinion. **Slaughter IV**, 180 So.3d at 281-84.

Following **Slaughter IV**, on September 20, 2017, plaintiff filed a motion for summary judgment seeking restoration of plaintiff's retirement benefits in the amount of $24,487.95 per month, as originally calculated, and injunctive relief preventing LASERS from interfering with payment of that amount. Plaintiff argued that although

LASERS may have followed the proper procedure to initiate action to reduce and recoup benefits, no reduction or recoupment was appropriate. Plaintiff maintained that there was no genuine issue of material fact precluding judgment in his favor on this point, and requested that the trial court:

> [R]equire LASERS to restore to Dr. Slaughter all retirement benefits to which he is due, with interest, and award him attorney fees, costs, and other legal, general, and equitable relief, including a declaration that Dr. Slaughter is entitled to retirement benefits in the amount of $24,487.95 per month and injunctive relief preventing LASERS from interfering with payment of this amount in retirement benefits to Dr. Slaughter.

In response, LASERS filed an exception raising the objection of res judicata. The trial court heard plaintiff's motion for summary judgment and LASERS' exception together on January 22, 2018, and executed a written judgment denying both on February 14, 2018.

Thereafter, plaintiff filed a pleading entitled "Motion for Declaratory Judgment" on June 28, 2018, seeking "judgment that all earned compensation, including the salary supplement paid to him by the Southern University System, be found to be a part of his average monthly compensation for purposes of retirement benefits...." Plaintiff filed a memorandum in support of his motion for declaratory judgment, in which he repeated the arguments and requests for relief set forth in his September 20, 2017 motion for summary judgment. The record demonstrates that neither the trial court nor the parties took any action on plaintiff's motion for declaratory judgment.

On September 6, 2018, plaintiff filed a pleading entitled "Plaintiff's Post-Trial Brief on Remand in Support of Motion for Judgment on the Record," ("motion for judgment on the record"). Plaintiff specifically sought an order from the trial court directing LASERS to show cause "why plaintiff should not be awarded judgment as prayed for in his lawsuit, on remand from the Louisiana Supreme Court, based on the record already generated in this court." The motion for judgment on the record again repeated the arguments and requests for relief made in plaintiff's September 20, 2017 motion for summary judgment. Plaintiff did not submit any new evidence in support of the motion for judgment on the record.

The trial court heard plaintiff's motion for judgment on the record on February 11, 2019. On March 6, 2019, the trial court executed a written judgment denying the motion for judgment on the record, which provided in pertinent part:

Considering the pleadings, evidence, the memoranda, and the argument of counsel:

It is ORDERED and ADJUDGED that the plaintiff's Motion for Judgment on the Record be and is hereby DENIED at plaintiff's costs.

An identical written judgment was executed on March 19, 2019.[1] Plaintiff then filed the instant appeal.

Upon the lodging of the record with this court, we issued an *ex proprio motu* rule ordering the parties to show cause by briefs why the instant appeal should not be dismissed as the March 6, 2019 judgment was not a final, appealable judgment.[2] Plaintiff filed a "Motion to Remand and Supplement the Record with an Amended District Court Judgment," recognizing that the March 6, 2019 judgment was defective and requesting the remand of this matter to the trial court for the purpose of obtaining an amended judgment that would be final and appealable in nature, and to supplement the appellate record with such judgment. On October 28, 2019, this court referred plaintiff's motion to the panel hearing the merits of the appeal.

## APPELLATE JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue, and we are obligated to recognize any lack of jurisdiction if it exists. **Quality Envtl. Processes, Inc. v. Energy Dev. Corp.**, 2016-0171 (La.App. 1 Cir. 4/12/17), 218 So.3d 1045, 1052-53. The appellate jurisdiction of this court extends to final judgments, which determine the merits in

---

[1] Inexplicably, the trial court signed a judgment on March 19, 2019, that was identical to the March 6, 2019 judgment. Once a trial court has rendered a valid final judgment, it has no authority to render a second final judgment, which is practically identical to the first judgment and adjudicates the same issues. See **Giavotella v. Mitchell**, 2019-0100 (La.App. 1 Cir. 10/24/19), 289 So.3d 1058, 1066 n.3, writ denied, 2019-01855 (La. 1/22/20). Accordingly, the March 19, 2019 judgment is a nullity and without legal effect. See **Judson v. Davis**, 2011-0623 (La.App. 1 Cir. 11/9/11), 81 So.3d 712, 722, writ denied, 2011-2747 (La. 2/17/12), 82 So.3d 288.

[2] LASERS filed a memorandum in response to this court's rule to show cause order, arguing that the March 6, 2019 judgment is not a final, appealable ruling on the basis that it lacks decretal language. LASERS further argued that the March 6, 2019 judgment did not contain a ruling on the merits "because the trial court had already done so."

whole or in part. See LSA-C.C.P. arts. 1841 and 2083; **Rose v. Twin River Dev., LLC**, 2017-0319 (La.App. 1 Cir. 11/1/17), 233 So.3d 679, 683.

A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor,** 2002-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. A final appealable judgment must also contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **DeVance v. Tucker**, 2018-1440 (La.App. 1 Cir. 5/31/19), 278 So.3d 380, 382. Additionally, a final appealable judgment must contain appropriate decretal language disposing of or dismissing claims in the case. **Quality Envtl. Processes, Inc.**, 218 So.3d at 1053; **State in Interest of J.C.**, 2016-0138 (La.App. 1 Cir. 6/3/16), 196 So.3d 102, 107. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling & Concrete Sols. v. Lathan Company, Inc.**, 2017-1250 (La.App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). A judgment that does not contain appropriate decretal language cannot be considered as a final judgment for the purpose of an appeal. **Johnson v. Mount Pilgrim Baptist Church,** 2005-0337 (La.App. 1 Cir. 3/24/06), 934 So.2d 66, 67.

The March 6, 2019 judgment from which this appeal arises is titled simply "Judgment," and provides in its entirety:

> The Motion for Judgment on the Record filed by the plaintiff, Dr. Ralph Slaughter, came up for hearing before the Honorable R. Michael Caldwell on February 11, 2019. Representing the plaintiff was Scott D. Wilson. Representing the defendant were Tina Vicari Grant and R. Stephen Stark.
>
> Considering the pleadings, evidence, the memoranda, and the argument of counsel:
>
> It is ORDERED and ADJUDGED that the plaintiff's Motion for Judgment on the Record be and is hereby DENIED at plaintiff's costs.

While the March 6, 2019 judgment specifically denies plaintiff's motion for judgment on the record, the judgment is defective and not a final judgment for the purpose of an appeal. We acknowledge that the denial of a request for a writ of mandamus is an appealable judgment. **City of Baton Rouge v. Douglas**, 2016-0655 (La.App. 1 Cir. 4/12/17), 218 So.3d 158, 163. Likewise, a declaratory judgment has the

6

force and effect of a final judgment or decree. See LSA-C.C.P. arts. 1871 and 1878; **Steiner v. Reed**, 2010-1465 (La.App. 1 Cir. 2/11/11), 57 So.3d 1188, 1192. Further, "an appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction...." LSA-C.C.P. art. 3612(B); see **Clipper Estates Master Homeowners' Ass'n, Inc. v. Harkins**, 2013-1833 (La.App. 1 Cir. 9/30/14) 2014 WL 4892546, at *4 (*unpublished*). Although plaintiff's motion for judgment on the record sought a writ of mandamus, mandatory injunctive relief, and declaratory judgment, the March 6, 2019 judgment appealed herein does not reference the relief plaintiff sought in the "motion for judgment on the record." Therefore, the relief that is granted or denied by the judgment is not evident from the language of the judgment without reference to other documents in the record. The judgment does not contain appropriate decretal language dismissing any claims or the petition. See **University Medical Center v. Schnauder**, 2019-0149 (La.App. 1 Cir. 10/23/19), 2019 WL 5485181, at *1 (*unpublished*) (This court dismissed an appeal of a judgment denying, but not dismissing, a petition for a writ of mandamus, holding that the judgment was "defective and not a final judgment for the purpose of an appeal because it [did] not contain appropriate decretal language dismissing any claims or the petition").[3] Such a judgment is not precise, definite, or certain.

In the absence of a valid final judgment, this court lacks subject matter jurisdiction. **Advanced Leveling & Concrete Sols.**, 268 So.3d at 1046-47. We therefore dismiss plaintiff's the appeal from the March 6, 2019 judgment.[4] In view of this court's holding in **Marrero v. I. Manheim Auctions, Inc.**, 2019-0365 (La.App. 1 Cir. 11/19/19), 291 So. 3d 236, 239, we also deny plaintiff's motion to remand and

---

[3] Judge McClendon notes her dissent in **University Medical Center**, but finds it to be distinguishable.

[4] We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto,** 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Generally, appellate courts have exercised that discretion when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules— Courts of Appeal, Rule 4-3, and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. However, when the jurisdictional defect lies in the non-finality of a judgment, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc. v. Bridges,** 2015-0393, 2015-0394, 2015-0395 (La.App. 1 Cir. 12/23/15), 2015 WL 9435285, at **3-4 (*unpublished*).

7

supplement the record with an amended trial court judgment. (Although the trial court may correct any misstatements, irregularities or informalities, or omission of the trial record on appeal, there is no authority for a trial court to amend a judgment after it is divested of jurisdiction upon the signing of an order of appeal.)

## CONCLUSION

For the above and foregoing reasons, plaintiff's motion to remand and supplement the record with an amended trial court judgment is denied. The appeal of the district court's March 6, 2019 judgment is hereby dismissed. Costs of the appeal are assessed against Dr. Ralph Slaughter.

**MOTION DENIED; APPEAL DISMISSED.**

SLAUGHTER

VERSUS

LOUISIANA STATE EMPLOYEES
RETIREMENT SYSTEM

NO. 2019 CA 0977

COURT OF APPEAL

FIRST CIRCUIT

 **HOLDRIDGE, J., concurring.**

I respectfully concur. I agree that this court does not have appellate jurisdiction and that the appeal should be dismissed, but not for the reasons stated in the opinion. While the opinion finds that the lack of decretal language renders the judgment non-appealable, I conclude that the denial of a motion for judgment on the record is an interlocutory judgment that is not appealable.

Pursuant to La. C.C.P. art. 2083A, this court's appellate jurisdiction extends to "final judgments." A "final judgment" is defined in La. C.C.P. art. 1841 as "[a] judgment that determines the merits in whole or in part." On the other hand, an "interlocutory judgment" is a judgment that does not determine the merits, but only decides preliminary matters in the course of the action. La. C.C.P. art. 1841. An interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083C.

A judgment denying a motion for judgment on the record is not a final judgment in any manner but is an interlocutory judgment. It is similar in nature to a judgment that denies a motion for a new trial and a judgment that denies a motion for judgment notwithstanding the verdict. All three motions request the trial court to render a determination on the merits based upon a previously generated record. It is well settled that judgments which deny a motion for a new trial and those that deny motions for a judgment notwithstanding the verdict are interlocutory rulings. See **Brehm v. Amacker**, 2015-1531 (La. App. 1st Cir. 12/7/17), 236 So.3d 621, 629 (the denial of a motion for new trial is generally considered to be a non-appealable interlocutory judgment); **Brister v. Continental**

**Insurance Company**, 30429 (La App. 2nd Cir. 4/8/98), 712 So.2d 177, 180 (a trial court's judgment denying motions for judgment notwithstanding the verdict and new trial is an interlocutory ruling). The denial of Dr. Slaughter's motion did not determine the merits of his claim and it did not end the matter, as Dr. Slaughter's motion for a declaratory judgment has not yet been decided by the trial court. Because there is no law expressly authorizing the appeal of a judgment denying a motion for a judgment on the record, the trial court's judgment is a non-appealable judgment under La. C.C.P. art. 2083C. The inclusion of decretal language therein could not transform the non-appealable interlocutory judgment into a final appealable judgment.