STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0485

WILLIE COVINGTON AND APRIL COVINGTON

VERSUS

CLARK SAND CO., INC.; CLEMCO INDUSTRIES CORPORATION
f/k/a CLEMCO SERVICES CORP.; DEPENDABLE ABRASIVES,
INC.; E.D. BULLARD COMPANY; EMPIRE ABRASIVE
EQUIPMENT COMPANY, L.P.; INGERSOLL-RAND
CORPORATION; LEROI INTERNATIONAL, INC., A SUBSIDIARY
OF GARDNER DENVER, INC.; LONE STAR INDUSTRIES, INC.;
3M COMPANY; RUEMELIN MANUFACTURING CO., INC.;
SANSTORM, INC.; BOB SCHMIDT MANUFACTURING, INC.;
SOUTHERN SILICA OF LOUISIANA, INC.; SULLAIR
COMPRESSOR CORPORATION; AND SPECIALTY SAND
COMPANY

Judgment Rendered: **NOV 1 3 2024**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 651253

The Honorable Kelly E. Balfour, Judge Presiding
* * * * *

Steve Harrelson
Little Rock, Arkansas

Attorneys for Plaintiffs-Appellants,
Willie Covington and April Covington

Michael B. Martin
Friendswood, Texas

Stephen G.A. Myers
David W. O'Quinn
Jay M. Mattappally
Gabriel J. Winsberg
New Orleans, Louisiana

Attorneys for Defendant-Appellee,
3M Company

Christopher H. Hebert
Lafayette, Louisiana

Attorney for Defendant-Appellee,
Lone Star Industries, Inc.

* * * * *

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**WOLFE, J.**

Plaintiffs appeal from a judgment dismissing their appeal of another judgment for failure to pay estimated costs of the appeal, as well as an order of the trial court denying plaintiffs' motion to vacate the dismissal of their appeal. For the reasons that follow, we affirm the dismissal of plaintiffs' appeal.

## BACKGROUND

On September 8, 2016, plaintiffs, Willie and April Covington, filed this lawsuit for personal injury damages against numerous defendants.[1] Willie alleged he was injured as a result of his exposure to respirable silica while he was employed as a sandblaster from 1984 to 2015, culminating in his diagnosis with an occupational lung disease, pneumoconiosis/silicosis. Six years later, on October 5, 2022, the trial court heard exceptions of prescription and motions for summary judgment based on prescription filed by multiple co-defendants. The trial court granted the exceptions and motions for summary judgment in open court, and then on November 2, 2022, the trial court signed a judgment ("the prescription judgment") dismissing the plaintiffs' claims with prejudice. Plaintiffs filed a motion to appeal the prescription judgment on November 7, 2022, and the trial court signed an order granting the appeal on November 15, 2022. On December 12, 2022, the notice of appeal was issued by the Nineteenth Judicial District Court's Clerk of Court, and on February 1, 2023, plaintiffs moved to designate the record on appeal, which the trial court granted on February 3, 2023.

On February 17, 2023, defendant, 3M Company, moved to dismiss plaintiffs' appeal of the prescription judgment primarily due to plaintiffs' failure to pay the estimated costs of appeal and their untimely designation of the record on appeal. 3M Company attached several exhibits to its motion to dismiss, including the notice of

---

[1] In this opinion, we only mention the relevant co-defendants, 3M Company and Lone Star Industries, Inc. Many of the other named defendants have been separately dismissed.

the estimated appeal costs totaling $17,622.00 submitted and mailed to plaintiffs' counsel on December 20, 2022, which was to be paid within twenty days of the mailing of the notice (by January 9, 2023). 3M Company also attached plaintiffs' motion to designate the record filed on February 1, 2023, and argued that the designation of the record was untimely because it was not filed within three days of taking the appeal (back in November 2022) as required by La. Code Civ. P. art. 2128. Plaintiffs responded to 3M Company's motion to dismiss the appeal of the prescription judgment by arguing that they had paid the amended notice of estimated appeal costs in the amount of $3,810.00 on February 17, 2023, two days after the estimated cost bill for the designated record was submitted and mailed to plaintiffs' counsel.

After a hearing on 3M Company's motion to dismiss plaintiffs' appeal on April 17, 2023, the trial court signed a judgment granting the motion and dismissing plaintiffs' appeal of the prescription judgment without prejudice on May 3, 2023. Five days later, on May 8, 2023, plaintiffs filed a motion to vacate the trial court's judgment dismissing their appeal. 3M Company opposed, and during a hearing on July 17, 2023, the trial court orally ruled and denied plaintiffs' motion to vacate the dismissal. The trial court signed a judgment on December 11, 2023. However, on July 18, 2023, before the trial court signed the judgment, plaintiffs filed a motion to appeal the dismissal of their appeal of the prescription judgment, as well as the trial court's denial of their motion to vacate the dismissal. The trial court granted plaintiffs' motion to appeal both adverse judgments on July 19, 2023, but the notice of appeal was not issued by the clerk of court until January 19, 2024, after the judgment had been signed on December 11, 2023.

In this appeal, plaintiffs assign error to the trial court's dismissal of their appeal of the prescription judgment, arguing that all estimated costs of the *designated* record on appeal were paid before the hearing on the motion to dismiss,

3

which they contend should have mooted the necessity for the motion to dismiss. 3M Company maintains that this court lacks jurisdiction over the current appeal because plaintiffs are seeking review of interlocutory orders dismissing an appeal without prejudice for lack of payment of appeal costs, and the denial of a motion to vacate the dismissal. Alternatively, 3M Company[2] argues that plaintiffs failed to timely designate the record so the estimated costs of the appeal were based on the *entire* record within twenty days of the notice of the appeal of the prescription judgment, and plaintiffs did not pay those costs nor did they question the excessiveness of those costs or request an extension of time in which to pay the costs.

## LAW AND ANALYSIS

Initially, we note that this case is fraught with procedural irregularities. Nevertheless, an appeal is not to be dismissed for mere technicalities. **Louisiana Bd. of Massage Therapy v. Fontenot**, 2004-1525 (La. App. 3rd Cir. 5/4/05), 901 So.2d 1232, 1236. It is well settled that appeals are favored in the law and should be maintained unless the grounds urged for dismissal are free from doubt. **Rose v. Twin River Development, LLC**, 2017-0319 (La. App. 1st Cir. 11/1/17), 233 So.3d 679, 683. The denial of a motion to vacate a judgment of dismissal is an interlocutory judgment, which is generally not appealable. See La. Code Civ. P. arts. 1841 and 2083. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. **Judson v. Davis**, 2004-1699 (La. App. 1st Cir. 6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (La. 2/10/06), 924 So.2d 167. As such, we will review the propriety of the trial court's denial of plaintiffs' motion to vacate the judgment of dismissal in

---

[2] Co-defendant/appellee, Lone Star Industries, Inc., also filed a brief in this court reiterating two of 3M Company's points: (1) plaintiffs untimely moved to designate the record on the appeal of the prescription judgment; and (2) plaintiffs did not pay the original estimated appeal costs or question the excessiveness of those costs.

4

connection with our review of the final and appealable judgment dismissing the appeal of the prescription judgment. See **Allmon v. Allmon**, 2013-0754 (La. App. 1st Cir. 9/13/13), 2013 WL 5177183, *2 n.5 (unpublished). See also **Byas v. Turner**, 2023-0115 (La. App. 4th Cir. 12/11/23), 380 So.3d 617, 620.

A trial court's judgment dismissing a party's appeal for failure to pay costs of appeal should not be reversed absent an abuse of discretion. See **Schmolke v. Clary**, 2003-2107 (La. App. 1st Cir. 9/17/04), 884 So.2d 675, 677, writ denied, 2004-3089 (La. 2/18/05), 896 So.2d 41 (trial court did not abuse its discretion in declining to grant an additional extension to pay appeal costs). See also **In re Singleton**, 2022-285 (La. App. 5th Cir. 3/1/23), 360 So.3d 70, 73. The procedure for the payment of costs when an appeal has been granted is governed by La. Code Civ. P. art. 2126. The article is not jurisdictional, but is a procedural vehicle designed solely for the efficient administration of the court. **In re Singleton**, 360 So.3d at 75. Under paragraph (B) of Article 2126, the appellant **shall pay the estimated costs within twenty days of the mailing of the notice** of costs to the appellant or the appellant may make a written motion requesting an additional twenty-day extension for good cause shown. Paragraph (C) provides that the appellant may question the excessiveness of the estimated costs by filing a **written application for reduction in the trial court within the first twenty-day time limit**. Paragraph (E) states that if the appellant fails to timely pay the estimated costs, the trial court on its own motion, or by the Clerk of Court, or by any party and after a hearing, **shall enter a formal order of dismissal** on the grounds of abandonment, **or grant an extension of ten days for the payment of costs in full**. If the costs are not paid after the extension, the appeal is to be dismissed as abandoned.

The application of La. Code Civ. P. art. 2126 has been interpreted by the Louisiana Supreme Court in **Pray v. First National Bank of Jefferson Parish**, 634 So.2d 1163 (La. 1994) (*per curiam*). The primary purpose of Article 2126's

5

authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants. **Id.** The focus of trial courts in deciding Article 2126 motions to dismiss should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals, although obviously not abandoned, simply because a motion was filed after expiration of the twenty-day period for paying costs. **Id.** Furthermore, Article 2126 is not self-operative. See **In re Singleton**, 360 So.3d at 75. Before a trial court can dismiss an appeal for non-payment of costs, there must be a hearing. But when the costs are already paid at the time of the hearing, the Article has no application by its own terms. **Id.**

In this case, it is undisputed that plaintiffs never requested a reduction in the original appeal costs, nor did they request an extension of time to pay the original appeal costs, for the appeal of the prescription judgment. The record is unclear as to exactly when plaintiffs' counsel received the notice of the amount of the original appeal costs, although counsel attested that he received it "on or about January 30, 2023." The record is clear that the notice of the estimated appeal costs was submitted and mailed by the Clerk of Court to plaintiffs' counsel on December 20, 2022, making the twenty-day deadline for payment of the costs occur on January 9, 2023. Louisiana Code of Civil Procedure article 2126 focuses on the day that the notice of the costs is *mailed*, not the day that the notice is *received*.[3] At some point before February 1, 2023, plaintiffs' counsel obviously received the original estimated costs of the appeal; however, instead of seeking an extension of time to pay or make a

---

[3] Plaintiffs argue that the trial court erred in dismissing the appeal of the prescription judgment when the Clerk of Court failed to send the notice of costs to plaintiffs by certified mail as required by La. Code Civ. P. art. 2126(A). However, plaintiffs did not provide proof of this assertion (counsel "did not keep the mailing envelope"), and the record does not contain evidence of how the notice was actually mailed. Therefore, we do not find merit in this argument.

request for costs to be reduced, plaintiffs submitted an untimely motion to designate the record on the appeal of the prescription judgment.[4] When the trial court erroneously[5] signed the order allowing an untimely designated record on February 3, 2023, the Clerk of Court submitted and mailed an amended notice of estimated appeal costs on February 15, 2023. Plaintiffs paid the new estimate two days later and 3M Company then filed a motion to dismiss plaintiffs' appeal of the prescription judgment.

Because the plaintiffs never paid the original estimate of appeal costs, the trial court properly set the motion to dismiss the appeal for a hearing as required by La. Code Civ. P. art. 2126(E). At the hearing, 3M Company argued that plaintiffs never applied for an extension of time to pay the costs or requested a reduction in the costs, and that plaintiffs moved to designate the record on appeal too late. Requests to designate records must be made within three days of taking the appeal, not after receiving the invoice for estimated costs. La. Code Civ. P. art. 2128. In this case, plaintiffs' motion to designate the record was made approximately 80 days too late. The trial court found that counsel for plaintiffs was given sufficient notification of all deadlines, and plaintiffs' counsel candidly admitted that he "blew" all of his deadlines. Therefore, the trial court granted the motion to dismiss the appeal, without prejudice.

When plaintiffs filed their motion to vacate the dismissal of their appeal, the trial court denied the motion because plaintiffs did not present anything new for the court to consider. Plaintiffs argued that because the supplemental invoice for the

---

[4] Louisiana Code of Civil Procedure article 2128 provides, in pertinent part: "[W]ithin three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. ... **When no designation is made, the record shall be a transcript of all the proceedings** as well as all documents filed in the trial court." [Emphasis added.]

[5] The trial court lacked authority to grant an order allowing plaintiffs to designate the record two-and-a-half months after the order of appeal was signed. See La. Code Civ. P. art. 2128.

7

appeal costs on the designated record had been paid, they clearly were not abandoning their appeal of the prescription judgment. 3M Company again pointed out that plaintiffs' motion to designate the record was untimely, so the plaintiffs owed the original estimated costs of the appeal, not the adjusted costs for the designated record. The trial court agreed and concluded there was no reason to change its previous order of dismissal.

Our review of the record reveals no abuse of discretion in the trial court's rulings that clearly reflected an understanding that plaintiffs had untimely moved for a designated record and had missed all deadlines for questioning, changing, and/or paying the original estimated appeal costs. Thus, we cannot say, under the circumstances of this case, that the trial court erred when it dismissed plaintiffs' appeal.

## CONCLUSION

For the stated reasons, we affirm the trial court's May 3, 2023 judgment dismissing Willie and April Covington's appeal of the November 2, 2022 prescription judgment. We also affirm the trial court's December 11, 2023 judgment denying the motion to vacate the dismissal of Willie and April Covington's appeal. All costs of this appeal are assessed to Willie and April Covington.

**AFFIRMED.**

8